# BEHRENS *v.* MACFARLAND.

---

### APPEALS; EMINENT DOMAIN.

Where property owners who were parties to proceedings to condemn land
for the opening of an alley, and whose property was assessed for
benefits, failed to appeal from the order confirming the award of
the jury of condemnation within the time limited for appeal, but
prosecuted an appeal, instead, from an order denying their motion
to vacate the order of confirmation, which motion was based on the
alleged unconstitutionality of the statute under which the proceedings
were instituted, it was *held* that the order was not an appealable
one, and the appeal was dismissed. (Following *District of Columbia*
v. *Prospect Hill Cemetery*, 5 App. D. C. 497; *Meyers* v. *Davis*, 13 App.
D. C. 361; *Babbington* v. *Washington Brewery Co.* 13 App. D. C. 527;
*Magruder* v. *Schley*, 17 App. D. C. 227; *Tubman* v. *Baltimore & O. R.
Co.* 20 App. D. C. 541.)

No. 1814. Submitted February 15, 1908. Decided March 3, 1908.

HEARING on an appeal by the respondents in condemnation
proceedings, from an order of the Supreme Court of the District
of Columbia denying their motion to vacate an order confirm-
ing an award assessing damages and benefits.

*Appeal Dismissed.*

·The facts are stated in the opinion.

*Mr. William C. Prentiss* for the appellants.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr.
James Francis Smith* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from an order of the supreme court of the District denying a motion to vacate a judgment confirming the verdict of a jury assessing damages and benefits accruing from the opening of an alley.

The appellees, as commissioners of the District of Columbia, filed a petition in said court on December 21, 1906, for the purpose of securing the opening of an alley through squares 2668 and 2669 in the city of Washington. Notice was given by publication, as ordered, in three newspapers, and personally served also upon such of the owners of the land to be condemned as could be found in the District. On January 15, 1907, a jury was regularly impaneled to assess the damages due to the owners of the land taken, and the benefits accruing therefrom to the owners of lots in the said squares confronting the same which would be benefited by opening said alley. On February 8, 1907, the jury returned a verdict in which they assessed the damages in the sum of $3,348.02. They also found that the amount of benefits accruing to other lots in said squares was $3,540.78, which equaled the damages and the cost of the proceeding. A detailed statement was made a part of the verdict showing each lot found to be benefited, the name of the owner, and the amount of the benefit received. In this statement appear certain lots owned by the appellants.

No exceptions having been filed to the verdict, it was confirmed on March 26, 1907.

On May 31, 1907, the appellants, eleven in number, and each owning one of the lots against which benefits had been assessed, filed a motion to vacate the order confirming the verdict, on the ground that the statute under which the proceeding had been maintained was unconstitutional. From the order denying this motion this appeal has been prosecuted.

It is contended on behalf of the appellees that the order denying the motion is not an appealable one, and cannot, therefore, be reviewed. As the appellants were parties to the pro-

ceeding and included in the order confirming the verdict, they
might have appealed therefrom at any time within the period
provided for the prosecution of appeals. This, for some un-
known reason, they failed to do, and filed their motion to va-
cate after the time for taking an appeal from the original order
had elapsed; and their appeal is from the order denying their
motion. The objection is well taken. *Tubman* v. *Baltimore
& O. R. Co.* 20 App. D. C. 541, 543; *Babbington* v. *Washington.
Brewery Co.* 13 App. D. C. 527, 533; *Meyers* v. *Davis,* 13.
App. D. C. 361, 364; *Magruder* v. *Schley,* 17 App. D. C. 227,.
229; *District of Columbia* v. *Prospect Hill Cemetery,* 5 App..
D. C. 497, 511.

For the reasons given the appeal will be dismissed, with
costs.                                                *Dismissed.*